# United States District Court
## for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

| | |
|---|---|
| Name of Offender: Jeremy Simmons | Case Number: A01-0048-01CR (JWS) |
| Sentencing Judicial Officer: | John W. Sedwick, Chief U.S. District Court Judge |
| Date of Original Sentence: | May 31, 2005/Revocation January 6, 2005 |
| Original Offense: | Bank Larceny in violation of 18 U.S.C. § 2113(b) |
| Original Sentence: | 10 months imprisonment, three years supervised release, $31,504 restitution/ Revocation - one day imprisonment, three years supervised release minus one day, remaining balance of restitution. |
| Date Supervision Commenced: | March 29, 2002/January 6, 2006 |
| Asst. U.S. Attorney: Steven Skrocki | Defense Attorney: Michael Dieni |

## PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that according to Anchorage Police Records, the defendant was arrested and charged with Contributing to the delinquency of a Minor in violation of AS 11.51.130(a) and Furnishing or Delivery of Alcholic Beverages to a person under the age of 21 in violation of AS 04.16.051. This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision " The defendant shall abstain from using alcohol, and shall not enter any establishment where the primary business is the sale of alcohol," in that the defendant was observed on Tesoro store video surveillance purchasing a 12-pack of beer and a bottle of rum. This violation is a Grade C violation. |

*Petition for Warrant or Summons*
*Name of Offender    :    Jeremy Simmons*
*Case Number    :    A01-0048-01CR (JWS)*

U.S. Probation Officer Recommendation:

    The term of supervised release should be:

        [X]    Revoked
        [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

                                              Respectfully submitted,

                                              REDACTED SIGNATURE

                                              Mary Frances Barnes
                                              U.S. Probation/Pretrial Services Officer
                                              Date: July 21, 2006

Approved by:

REDACTED SIGNATURE
Eric D. Odegard
Supervising U.S. Probation Officer

*Petition for Warrant or Summons*
*Name of Offender      :   Jeremy Simmons*
*Case Number           :   A01-0048-01CR (JWS)*

THE COURT ORDERS

[ ]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[X]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

REDACTED SIGNATURE

John W. Sedwick
Chief U.S. District Court Judge

7-24-06

Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br> )<br> )<br> )<br>vs. )<br> )<br> )<br>Jeremy M. Simmons_____ ) | Case Number: A01-0048-01(JWS)<br><br>DECLARATION IN SUPPORT OF PETITION |

I, Mary Frances Barnes, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Jeremy M. Simmons, and in that capacity declare as follows:

Jeremy Simmons was convicted on May 31, 2001 of Bank Larceny in violation of 18 U.S.C. 2113(b) and was sentenced to 10 months imprisonment, three years supervised release, and ordered to pay $31,504 restitution/joint and several.

Simmons was released from the custody of the Bureau of Prisons on March 29, 2002, and began his term of supervised release. On that same date the probation officer read, reviewed, and signed conditions of supervision with the defendant.

On January 6, 2005, Simmons supervised release was revoked for violating conditions of supervision. Simmons was sentenced to one day imprisonment, three years of supervised release minus one day, and ordered to pay the remaining balance of restitution and fulfill an unsatisfied term of home confinement/electronic monitoring.

On April 18, 2006, the defendant's condition of supervision were modified to include a 30 day term of home confinement/electronic monitoring, 30 hours of community work service, and ordered the defendant to abstain from alcohol and not enter any establishment where the primary business is the sale of alcohol.

On June 28, 2006, the probation officer received a call from an Anchorage Police Department (APD) Detective who advised that they were investigating the defendant regarding an allegation of a Sexual Assault with a 16 year old female which was reported to APD on June 22, 2006.

During the course of the investigation, Detectives identified the defendant through store video surveillance at the Tesoro Station in the area of Abbott and Vanguard. The defendant was

observed to purchase a 12-pack of Ice House beer and a bottle of Captain Morgan's Rum.

The APD report indicates that the defendant returned to his residence and drank the alcohol with several others present at the residence, including two females approximately 16 years old. It was at the defendant's residence where the alleged sexual assault on one of the 16 year old females occurred. The victim has left the state of Alaska and declines to cooperate with law enforcement.

The defendant was subsequently arrested on June 29, 2006, by APD Detectives and charged with Contributing to the Delinquency of a Minor in violation of AS 11.51.130(a) and Furnishing or Delivery of Alcoholic Beverages to Persons Under the Age of 21 in violation of AS 04.16.051.

Simmons is getting married on July 21, 2006, and will live in a residence with his wife and their three children at 917 E. 46th Ct., #A, Anchorage, AK   99503.

Therefore, due to the violations noted above it is respectfully recommended that the defendant's supervised release be revoked and a Summons be issued.

Executed this 21st day of July, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**
_____
Mary Frances Barnes
U.S. Probation Officer

2