

# United States District Court
## for the
## District of Alaska

### Amended Petition for Warrant or Summons for Offender Under Supervised Release

| | |
|---|---|
| Name of Offender: Jeremy Simmons | Case Number: A01-0048-01CR (JWS) |
| Sentencing Judicial Officer: | John W. Sedwick, Chief U.S. District Court Judge |
| Date of Original Sentence: | May 31, 2001/Revocation January 6, 2005 |
| Original Offense: | Bank Larceny in violation of 18 U.S.C. § 2113(b) |
| Original Sentence: | 10 months imprisonment, three years supervised release, $31, 504 restitution/ Revocation - one day imprisonment, three years supervised release minus one day, remaining balance of restitution. |
| Date Supervision Commenced: | March 29, 2002/January 6, 2005 |
| Asst. U.S. Attorney: Steven Skrocki | Defense Attorney: Michael Dieni |

## PETITIONING THE COURT

[ ]  To issue a warrant
[X]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that according to Anchorage Police Records, the defendant was arrested and charged with on or about June 22, 2006, the defendant did Contribute to the Delinquency of a Minor in violation of AS 11.51.130(a) and Furnished or Delivered Alcoholic Beverages to a person under the age of 21 in violation of AS 04.16.051.  This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision " The defendant shall abstain from using alcohol, and shall not enter any establishment where the primary business is the sale of alcohol," in that on or about June 22, 2006,  the defendant was observed in a Tesoro store video surveillance purchasing a 12-pack of beer and a bottle of rum.This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

   The term of supervised release should be:

   [X]   Revoked
   [ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:


                                             Respectfully submitted,

                                             **Redacted Signature**
                                             _____
                                             Mary Frances Barnes
                                             U.S. Probation/Pretrial Services Officer
                                             Date: October 31, 2006

Approved by:

**Redacted Signature**
_____
Eric D. Odegard
Supervising U.S. Probation Officer

-2-

*Petition for Warrant or Summons*
*Name of Offender        :    Jeremy Simmons*
*Case Number             :    A01-0048-01CR (JWS)*

THE COURT ORDERS

[ ]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[X]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

REDACTED SIGNATURE

John W. Sedwick
Chief U.S. District Court Judge

11-1-06

Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.